FILED

10 DEC -2 AM 7:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMON ZAKAY; RAZ INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> RONI ZAKAI; ENLYTEN MEDICAL TECHNOLOGIES B.V., <br><br> Defendants. | CASE NO. 10cv1413 BEN (WVG) <br><br> **ORDER DENYING EX PARTE APPLICATION TO SERVE BY EMAIL AND EXTENDING TIME TO COMPLETE SERVICE** |

Plaintiffs' ex parte application for an order authorizing service of process on Defendants Roni Zakai and Enlyten Medical Technologies B.V. by email is before the Court. Declarations submitted by Plaintiffs establish one attempt at service by certified mail and at least two attempts at personal service on Defendant Zakai.

The application is made pursuant to Federal Rule of Civil Procedure 4(f)(3) and *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002). Rule 4(f)(3) provides for service of an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." In *Rio Properties v. Rio International* the Ninth Circuit approved service of process effected via regular mail and email and found that alternative service under Rule 4(f)(3) is not a last resort or extraordinary relief. *Id.* at 1015-16. Rather, determining when the "particularities and necessities of a given case require alternate service" is committed to the Court's discretion. *Id.* 1016. However, any

1  alternative method must still "comport with constitutional notions of due process," i.e., "reasonably
2  calculated, under all the circumstances, to apprise interested parties of the pendency of the action and
3  afford them an opportunity to present their objections." *Id.*

4  Here, Plaintiffs have failed to address whether the requested method to effect service on
5  Defendants in the Netherlands, email, is prohibited by international agreement. This threshold
6  requirement of Rule 4(f)(3) must be addressed before the Court determines if the particularities and
7  necessities of this case require an alternative method of service.

8  Plaintiffs' ex parte application for an order authorizing service on Defendants by email is
9  **DENIED** without prejudice and with leave to file a renewed application. Any future application must
10 address the deficiency noted above, detail all unsuccessful efforts at completing service, and explain
11 how the proposed method complies with the particularities of this case and due process.

12 Plaintiffs' time to serve the complaint is extended to January 3, 2011.

14 IT IS SO ORDERED.

16 DATED: 12/01/2010

Hon. Roger T. Benitez
United States District Court Judge